```
               IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,    )   CR. NO. 19-00025
                             )
          Plaintiff,         )   ORDER DENYING DEFENDANT
                             )   NOLAN NISHIDA'S MOTION
     vs.                     )   FOR COMPASSIONATE RELEASE
                             )
NOLAN NISHIDA,               )
                             )
          Defendant.         )
                             )
```

**ORDER DENYING DEFENDANT NOLAN NISHIDA'S
MOTION FOR COMPASSIONATE RELEASE**

**I.     INTRODUCTION.**

Before the court is Defendant Nolan Nishida's motion for compassionate release. ECF No. 122, 127.[1] While the court is sympathetic to his family's situation, Nishida does not establish that his immediate release is warranted. His motion is therefore denied.

**II.    BACKGROUND.**

In 2020, Nishida was sentenced to 10 years of imprisonment and 10 years of supervised release for attempted persuasion, inducement, or enticement of a minor to engage in unlawful sexual activity in violation of 18 U.S.C. § 2422(b).[2]

---

[1] Sealed and redacted versions of the motion are in the case file. ECF No. 122 (sealed); ECF No. 127 (redacted). The court cites the redacted version whenever possible.

[2] Nishida appealed his conviction. The Ninth Circuit affirmed in part and vacated and remanded in part. *See United States v. Nishida*, No. 20-10238, 2021 WL 3140331 (9th Cir. July 26, 2021). This court's remand order, *United States v. Nishida*, No. CR 19-

1

ECF Nos. 74, 91.  Nishida's release date is June 18, 2028.  *See* https://www.bop.gov/inmateloc/ (input Register No. 11226-122).

In September 2023, Nishida moved for compassionate release on the ground that he was needed to care for his ailing mother because his brother, her normal caregiver, "is currently deployed with his Air National Guard unit" and will not return for "about 4-5 months or longer if extended."  ECF No. 127, PageID # 1043.

**III.   ANALYSIS.**

Nishida's compassionate release motion is governed by 18 U.S.C. § 3582(c)(1)(A), which provides that

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i)   extraordinary and compelling reasons warrant such a reduction; . . .
>>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In other words, to exercise its authority under

---

00025-SOM, 2021 WL 3832225 (D. Haw. Aug. 27, 2021), was affirmed on appeal.  *See United States v. Nishida*, No. 21-10247, 2022 WL 2915585, at *1 (9th Cir. July 25, 2022).

§ 3582(c)(1)(A), the court must initially determine that the defendant exhausted his administrative remedies or that thirty days have passed since he filed an administrative compassionate relief request. If the defendant satisfies the exhaustion requirement, the court then examines three considerations. First, the court must find that extraordinary and compelling reasons warrant a sentence reduction. Second, it must find that such a reduction is consistent with the Sentencing Commission's policy statements. Third, it must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to determine under the particular circumstances presented that the requested reduction in sentence is warranted. *See United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022); *United States v. Scher*, No. 15-00614 SOM, 2020 WL 3086234, at *2 (D. Haw. June 10, 2020). "Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds." *Wright*, 46 F.4th at 945.

> **A.  Nishida Satisfies § 3582(c)(1)(A)'s Exhaustion Requirement.**

More than thirty days before Nishida filed the instant motion, he submitted an administrative request to the warden, asking for compassionate release based on his mother's need for care. ECF No. 127-2, PageID # 1047. The warden ultimately denied

his request, albeit after Nishida filed this motion. ECF No. 128-1, PageID # 1090-91. The Government concedes that Nishida exhausted his administrative remedies because more than thirty days passed between his request to the warden and his filing of the instant motion. ECF No. 128, PageID # 1085-86. Accordingly, the court concludes that Nishida has fulfilled § 3582(c)(1)(A)'s exhaustion or time-lapse requirement.

> **B.   Nishida Has Not Demonstrated That Extraordinary and Compelling Circumstances Justify His Early Release.**

The court now addresses § 3582(c)(1)(A)'s first consideration: whether extraordinary and compelling reasons warrant a sentence reduction. In orders addressing compassionate release motions in other cases, this court has expressly recognized that it possesses considerable discretion in determining whether a particular defendant has established the existence of extraordinary and compelling reasons that justify early release. *See, e.g.*, *United States v. Merkel*, No. 08-00160 SOM (02), 2023 WL 3570615, at *3-4 (D. Haw. May 19, 2023); *United States v. Mau*, No. 03-00083-SOM-1, 2020 WL 6153581, at *2-3 (D. Haw. Oct. 20, 2020); *Scher*, 2020 WL 3086234, at *2; *United States v. Cisneros*, No. 99-00107 SOM, 2020 WL 3065103, at *2 (D. Haw. June 9, 2020); *United States v. Kamaka*, No. 18-00085 SOM, 2020 WL 2820139, at *2-3 (D. Haw. May 29, 2020). While the Ninth Circuit has not yet examined whether

4

the Sentencing Commission's newly amended guidelines constitute applicable policy statements, the Ninth Circuit has recognized that the version of USSG § 1B1.13 in effect before November 1, 2023, was not an applicable policy statement governing compassionate release motions filed by defendants under § 3582(c)(1)(A). Nevertheless, the Ninth Circuit opined that the Sentencing Commission's statements in the version of USSG § 1B1.13 then in effect could inform this court's discretion. *See United States v. Aruda*, 993 F.3d 797, 801-02 (9th Cir. 2021). At this point, with the amended guidelines in effect, this court considers the guidance from those newly amended guidelines.

USSG § 1B1.13(b)(3)(C) recognizes that the "incapacitation" of a defendant's parent "when the defendant would be the only available caregiver" may constitute extraordinary and compelling circumstances warranting compassionate release. Nishida has not established that his mother is incapacitated or that he is the only available caregiver.

First, while the record reflects that his mother suffers from chronic pain, it does not establish that she is incapacitated. His mother's licensed acupuncturist states that she "reports chronic and sometimes debilitating pain in her knees, low back, neck, and shoulders." ECF No. 129-2, PageID

5

# 1107.  The "pain limits her ability to perform many activities of daily living (ADL's) such as bending over, walking, squatting, and getting up from a chair" and "causes limited range of motion with tripping and vulnerability to falls."  ECF No. 129-2, PageID # 1107.  In July 2023, she fell, "landing on the back of her head."  ECF No. 129-2, PageID # 1107.  Since then, "her pain levels have increased in frequency, duration, and intensity and her capacity to perform ADL's has decreased."  ECF No. 129-2, PageID # 1107.  In his sealed motion, Nishida also states various medical conditions his mother suffers from, though he does not explain how they are incapacitating.  ECF No. 122, PageID # 1022.  Because the court has before it no medical records or other supporting documentation, the court cannot make reasonable deductions in this regard.

      Nishida also argues that compassionate release is warranted because his mother, who resides in Wailuku, suffers from mental duress after the devastating Maui fires.[3]  ECF No. 127, PageID # 1043.  But Nishida provides no further explanation or documentation of the hardship his mother suffers from the fires.  People who were not themselves left injured or homeless,

---

[3]  In August 2023, fires ravaged various parts of Maui, including Lahaina in West Maui and Kula in Upcountry Maui.  *See, e.g.*, Carolyn Kormann, *Why Maui Burned*, New Yorker (Oct. 30, 2023), https://www.newyorker.com/magazine/2023/11/06/maui-wildfire-response-recovery.  Wailuku is in the Nā Wai ʻEhā region of Maui.  Mauna Kahālāwai, a mountain range, stands between Wailuku and the impacted Lahaina area.

of course, can suffer significant anguish in the wake of such a traumatic event, but Nishida does not identify how his mother was more personally affected by the fires than others.

While Nishada's mother's chronic pain, other medical conditions, and distress are concerning and clearly warrant sympathy, the record does not establish that Nishada's mother is incapacitated.

Second, USSG § 1B1.13(b)(3)(C) requires not only incapacitation of a parent, but also a showing that "the defendant would be the only available caregiver for the parent." The present record does not establish that Nishida is a necessary caregiver.

In his motion, Nishida states that his brother, who normally cares for their mother, "is currently deployed with his Air National Guard unit" and will not return for "4-5 months or longer if extended." ECF No. 127, PageID # 1043. In his brother's absence, his mother "is without consistent daily assistance and care." ECF No. 127, PageID # 1043. Nishida submitted documentation establishing that his father passed away last year. ECF No. 129-1, PageID # 1106. Nishida also states that "assisted living or in-home care options are not viable options" for his mother due to "financial constraints," and that his siblings "are unable to provide daily care and assistance" due to "family and work responsibilities[.]" ECF No. 129,

7

PageID # 1094.

This record does not sufficiently show that no one other than Nishida can or will provide care to his mother. For example, there is no explanation as to whether household members, friends in the community, or relatives other than his siblings and father would have the time, money, and resources to help with his mother's care. Nishida's presentence report indicates that he has an adult child, and, as of 2020, had a fiancé with whom he had daily contact, ECF No. 89, PageID # 776-77, but he does not explain whether they can or will assist with his mother's care. Nishida also provides insufficient detail about why his remaining siblings cannot help their mother, about the financial constraints that bar outside caregiving, or about whether Medicare, Medicaid, or other county, state, or federal programs can provide assistance.

While the court is sympathetic to his family's situation, the record does not establish extraordinary and compelling reasons for compassionate release.

### C. Section 3553(a) Factors Do Not Support Compassionate Release.

In evaluating whether early release is justified, this court also considers the factors set forth in § 3553(a). On the present record, those factors do not favor a reduction in Nishida's sentence.

When balancing the § 3553(a) factors, the Ninth Circuit requires this court to

> use the fullest information possible concerning subsequent developments in the law, such as changes in sentencing guidelines, legislative changes to a mandatory minimum, and changes to a triggering predicate offense to ensure the punishment will fit the crime and critically, to ensure that the sentence imposed is also sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; and to protect the public.

*United States v. Lizarraras-Chacon*, 14 F.4th 961, 967 (9th Cir. 2021) (quotation marks, alterations, and citation omitted).

Nishida has no criminal history other than the crime for which he is currently incarcerated. ECF No. 89, PageID # 775-76. However, that crime was serious, and Nishida has only served around half of his prison sentence.

Nishida states that he is "not a threat or harm to himself or the community" and reports that he has completed "Evidenced Based Recidivism Reduction programming and Productive Activities" while incarcerated. ECF No. 127, PageID # 1044. He provides no information about whether the significant psychological condition that he blames for his crime has been addressed. *See* ECF No. 89, PageID # 773, 793.

If the court were to order compassionate release, the maximum supervised release period the court could impose would be the length of the imprisonment term that was cut short.

Here, that would be four or five years, instead of the ten years the court imposed.  *See* 18 U.S.C. § 3582(c)(1)(A) ("the court . . . may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment").  Nishida did not submit a release plan.

Balancing the factors set forth in § 3553(a), the court determines that those factors do not support his compassionate release.

**IV.    CONCLUSION.**

Nishida's motion for compassionate release is DENIED.

It is so ordered.

DATED:  Honolulu, Hawaii, November 2, 2023.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge